The Rosenthal Law Firm, P.C.
350 Broadway, Suite 214
New York, New York 10013
Telephone:   (212) 625-8300
Facsimile:   (212) 625-8661

Attorneys for Plaintiff
Devon WHARTON

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Devon WHARTON, individually, | **COMPLAINT FOR DECLARATORY RELIEF IN THE NATURE OF MANDAMUS** |
| Plaintiff, | |
| vs | Docket No.: |
| U.S. Citizenship and Immigration Services ("USCIS"), Eduardo Aguirre, Jr., Director of USCIS, and Mary Ann Gantner, District Director of the New York District Office, | |
| Defendants. | |

## I. INTRODUCTION

1.      This is an individual action for declaratory and mandatory relief, authorized by the Declaratory Judgment Act, 28 U.S.C. Section 1361, and the Administrative Procedure Act, et seq. This action challenges the policy of the Department of Homeland Security and the United States Citizenship and Immigration Services of refusing to process the Naturalization Application (N-400) for the otherwise eligible Plaintiff, Devon WHARTON.

## II. JURISDICTION

2. This Court has jurisdiction over the present action pursuant to 28 U.S.C. Section 1331, Federal Question Jurisdiction; 28 U.S.C. Section 2201, the Declaratory Judgment Act; 5 U.S.C. Section 702, the Administrative Procedures Act; and 28 U.S.C. Section 1361, regarding an action to compel an officer of the United States to perform his duty.

## III. VENUE

3. 28 U.S.C. Section 1391(e), as amended, provides that in a civil action in which each

defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Plaintiff, Devon WHARTON, is a resident of the Eastern District of New York and Defendant United States Citizenship and Immigration Services ("USCIS") is an agency which operates within this district.

## IV. PLAINTIFF

4. Plaintiff is an applicant for Naturalization pursuant to 8 USC 1427 (and related regulations under 8 CFR 316 *et. seq*.), who, at the time he requested his Naturalization Application be adjudicated by the New York District of the USCIS was eligible for Naturalization benefits. Devon WHARTON had been a permanent resident in excess of 5 years, is a person of good moral character, in that he has no criminal record, and is an upstanding member of the community in which he lives. Moreover, Plaintiff is an assistant manager for the pharmacy chain known as Walgreens, dedicated to serving the community at large. On account of the protracted delay in adjudicating his naturalization application, to date he continues to be deprived of the opportunity to petition for other family members to obtain lawful immigration status. The Plaintiff continues to await notification from the New York District Office concerning a decision and adjudication of the Application he had filed.

## V. DEFENDANTS

5. Defendant, Eduardo Aguirre, Jr., is the duly appointed Director of U.S. Citizenship and Immigration Services (USCIS), and Mary Ann Gantner is the duly appointed District Director of the New York District Office of the USICS, who has failed to act on the processing of the instant Applications for Naturalization.

## VI. INDIVIDUAL ACTION ALLEGATIONS

6. Plaintiff bring this action on behalf of himself, as applicant for Naturalization, born on October 6, 1983, eligible for Naturalization, has filed and been waiting for a decision on his application in excess of 1 year and 7 months.

## VII. <u>FACTUAL ALLEGATIONS</u>

7. Plaintiff was eligible for Naturalization and filed an N-400 application which resulted in the scheduling of an interview with an officer of the USCIS. Plaintiff was originally interviewed on January 10, 2006. Plaintiff was requested to supply additional documentation relative to a Court disposition indicating that a particular matter had been dismissed against him. He complied with said request by submitting such documentation by personal "in hand" service, which was acknowledged received by the USCIS on January 12, 2006. At the present time, ordinary processing of Naturalization interviews are approximately one or two months. Under the Federal Administrative Procedure Act federal agencies including the USCIS are required to adjudicate applications "within a reasonable time."

8. The Plaintiff, through present counsel diligently followed up regarding the Naturalization application with the USCIS and specifically with Officer Anthony Kagya, Rose Chapman, Chief of the Naturalization Unit, and Nina Crosby who acts as Supervisor of the Naturalization Unit. Said follow up consisted of no less than 3 written communications (copy of letters are annexed hereto). Moreover, present Counsel initiated inquiry with Ms. Dianne Berger, supervisor of the Federal. The Defendants specifically considered Plaintiff's application and had sufficient information to determine Plaintiffs' eligibility requirements for Naturalization. Yet in this case, the Defendant failed to adjudicate the Plaintiff's Naturalization application in timely fashion, thus depriving Plaintiff of certain benefits including but not limited to his ability to Petition for closed family members and loved ones.

9. Plaintiffs have exhausted all administrative remedies available and have determined that no adequate remedies exist.

10. As a result of Defendants' willful and unreasonable delay in adjudicating Plaintiffs' Naturalization Application, Plaintiff will continue to be deprived the benefit of United States citizenship which he rightfully deserves.

## VIII. <u>CLAIM FOR RELIEF</u>

11. Defendants willfully, and unreasonably, delayed and refused to adjudicate, the

Naturalization Application of the Plaintiff, thereby depriving Devon WHARTON of the benefit of United States citizenship, to which Plaintiff is entitled under the Immigration and Nationality Act.

12. Defendants owe Plaintiff the duty to act upon his Naturalization Application, and have unreasonably failed to perform that duty. Plaintiff has provided all relevant information and facts in this case.

13. Plaintiffs have exhausted any administrative remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendant's delay.

WHEREFORE, Plaintiffs pray that the Court: (1) Assume jurisdiction of this cause. (2) Enter an order that this case be maintained as an individual action. (3) Declare that refusal to adjudicate Plaintiff's Naturalization Application, is contrary to the provisions of the Federal Administrative Procedure Act which require federal agencies including the USCIS to adjudicate applications "within a reasonable time.", as well as USCIS's own rulings. (4) Declare that Defendants' actions are an arbitrary and capricious abuse of discretion. (5) Compel Defendants and those acting under them to perform their duty to act upon the Applications for Naturalization owed to Plaintiff; (7) Grant such other and further relief as this Court deems proper under the circumstance; and (8) Grant attorneys fees and costs of court.

Dated: August 3, 2007

                                    Respectfully,

                                    THE ROSENTHAL LAW FIRM, P.C.
                                    Attorney for Plaintiffs

By: _____
       Douglas Rosenthal